IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MYRON J. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:09-CV-442-ID |
| | ) | |
| EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| MYRON J. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:09-CV-443-ID |
| | ) | |
| EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| MYRON J. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:09-CV-444-ID |
| | ) | |
| EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

On June 24, 2009, the above-captioned cases were referred to the undersigned

Magistrate Judge for further proceedings and determination or recommendation as may be appropriate. (Doc. #4). On June 26, 2009, the Court entered an Order (Doc. #5) consolidating the above-captioned cases pursuant to Rule 42 of the Federal Rules of Civil Procedure. The Court also entered an Order (Doc. #6) which noted several apparent defects in Plaintiff's Complaints. Specifically, the Court remarked as follows:

> Plaintiff sues a number of Defendants based on vague allegations centering around his alleged termination of employment with the Fire Department of the City of Montgomery and subsequent dealings with the Equal Employment Opportunity Commission, the Department of Justice, and the United States Postal Service. Plaintiff appears to allege that all parties have conspired to deprive him of a meaningful opportunity to litigate any claims arising from his termination and to pursue reemployment. For any damages he is purported to have suffered, Plaintiff seeks the following relief: "Punitive Damages: $900 million U.S. Dollars; Compensatory Damages: $100 million U.S. Dollars."
>
> The Complaints fail to set forth any allegations of an actual conspiracy. Instead, it appears Plaintiff infers some vast conspiracy flowing from the various unfavorable decisions that have been made with respect to his job performance, employment applications, and the adjudication of his resulting complaints of discrimination. Thus, to the extent any conspiracy claim is intended, Plaintiff has failed to state the specific acts by each Defendant which resulted in the alleged harm(s) to Plaintiff and does not state what, if any, legal authority provides him with an avenue of relief in this Court. This failure precludes the Court from conducting meaningful review and forecloses the Defendants' ability to meaningfully respond to the Complaint. The Court thus notes that Plaintiff's Complaints appear to suffer from fatal defects.

Order (Doc. #6) at 2-3. Accordingly, the Court ordered Plaintiff to file an amended Complaint which complies with the Federal Rules of Civil Procedure and includes specific allegations of unlawful conduct by each named defendant. The Court also admonished Plaintiff that "***his failure to comply with this Order will lead the undersigned to recommend***

***to the district judge that the Complaint be dismissed for failure to comply with the Court's Orders and abandonment of his claim(s).***" Order (Doc. #6) at 3-4 (emphasis in original). Plaintiff has failed to file an amended complaint as instructed by the Court.[1]  Accordingly, the undersigned RECOMMENDS that this action be DISMISSED, without prejudice, due to Plaintiff's failure to obey this Court's Orders or otherwise prosecute this action.[2]  It is further

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation on or before **July 23, 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

---

[1] Plaintiff's failure to amend his complaint as instructed cannot be attributed to any sudden aversion to conducting litigation in this Court.  In addition to the seven cases Plaintiff had pending at the time of the Court's June 26, 2009, Order, Plaintiff has since filed yet another civil complaint with the Court.  *See Jackson v. United States House of Representatives*, Civ. Act. No. 2:09-cv-631-MEF (filed July 7, 2009).

[2] Additionally, and in the alternative, Plaintiff's Complaint is subject to dismissal because the allegations of the Complaint are frivolous and fail to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 10th day of July, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE